IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| AUTUMN ZIMMER and JEFF ZIMMER,  )<br>    Plaintiffs,                           )<br>                                       )<br>v.                                        )<br>                                       )<br>THE TOWN OF LILLINGTON, DAVID    )<br>KIRKLAND and SOONAOSO J. LETULI, both  )<br>Individually and in their Official Capacity as Police )<br>Officers for the Town of Lillington,        )<br>    Defendants.                        ) | No. 5:16-CV-892-BO |

and

| | |
|---|---|
| MARINA TROYANO and MICHELLE     )<br>TROYANO,                                    )<br>    Plaintiffs,                           )<br>                                       )<br>v.                                        )<br>                                       )<br>THE TOWN OF LILLINGTON, DAVID    )<br>KIRKLAND and SOONAOSO J. LETULI, both  )<br>Individually and in their Official Capacity as Police )<br>Officers for the Town of Lillington,        )<br>    Defendants.                        ) | No. 5:16-CV-893-BO |

ORDER

This cause comes before the Court on defendants' partial motions to dismiss certain claims in plaintiffs' complaints. The appropriate responses have been filed[1], and the motions are ripe for ruling. A hearing was held before the undersigned on February 23, 2017, at Raleigh,

---

[1] Defendants notified the Court of their intent not to reply to plaintiffs' responses.

North Carolina and, for the reasons discussed below, defendants' motions are granted in part and denied in part.

## BACKGROUND

On November 10, 2013, plaintiffs were riding in a car driven by Mitchell Shane Garner on North Carolina Highway 421 North, heading toward the town of Lillington in Harnett County, North Carolina. Garner drove through a purported checkpoint that Lillington Police Department Officers David Kirkland and Soonaoso Letuli were attempting to conduct. Plaintiffs contend there were numerous problems with the execution of the checkpoint. When Garner drove through, Kirkland and Letuli began pursuing his vehicle at a high rate of speed down Neill's Creek Road. Plaintiffs contend the manner of the chase rendered Garner with no safe way to stop the car. Plaintiffs also contend the officers may have made contact with the rear of Garner's vehicle. Either way, Garner's vehicle crashed into a tree, causing serious injuries to plaintiffs Autumn Zimmer and Marina Troyano. These cases are companion cases to an earlier filed action by the Estate of Austin Ferrell, No. 5:15-CV-677-BO (E.D.N.C.); Austin Ferrell was also a passenger in Garner's vehicle and was killed as a result of the collision.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at

2

555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The Zimmer and Troyano plaintiffs bring claims for assault and battery, gross negligence, violations their Fourth, Fifth, Sixth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, and damages for personal injuries. In their motions to dismiss, defendants seek dismissal of plaintiffs' § 1983 claims against the Town of Lillington for failure to allege a plausible claim based on a theory of municipal policy or custom, dismissal of all claims against Kirkland and Letuli in their official capacities as duplicative of the claims against the Town, and dismissal of all claims against Kirkland and Letuli in their individual capacities for failure to plead sufficient acts. Defendants do not seek dismissal of plaintiffs' § 1983 claims against the Town of Lillington for the conduct of Kirkland and Letuli in their official capacity or the assault and battery and gross negligence claims against the Town of Lillington.

As noted by plaintiffs, the facts and claims alleged are nearly identical in all three companion cases, and this Court has previously considered defendants' Rule 12(b)(6) challenge to the pleadings and denied in substantial part their motion.[2] *See Ferrell v. Town of Lillington*, No. 5:15-CV-677-BO (E.D.N.C. June 13, 2016). Accordingly, the Court ADOPTS its holding in the *Ferrell* case insofar as it applies to the claims raised in these cases and incorporates its discussion provided in the *Ferrell* order as if fully set out herein. The single argument identified

---

[2] The complaint in the *Ferrell* case included claims and parties not alleged in the *Zimmer* and *Troyano* complaints.

3

by defendants at the hearing as not having been raised in their *Ferrell* motion relates to the sufficiency of the individual capacity claims against Kirkland and Letuli. Specifically, defendants argue that in order to be found individually liable plaintiffs must and have failed to sufficiently allege that Kirkland and Letuli acted outside the scope of their official duties or that their conduct was malicious or corrupt.

The Court finds that at this stage of the proceedings plaintiffs' complaints allege sufficient facts to state claims for relief against Kirkland and Letuli in their individual capacities. The conduct complained of is sufficient to put defendants on notice that plaintiffs' allegations of wanton and reckless conduct, which arguably fell outside the scope of defendants' official duties, leads plaintiffs to seek recovery from not only the Town but also from defendants Kirkland and Letuli directly. *See, e.g.* Cmp. ¶¶ 24-25; *see also Meyer v. Walls*, 347 N.C. 97, 110 (1997) ("The crucial question for determining whether a defendant is sued in an individual or official capacity is the nature of the relief sought, not the nature of the act or omission alleged.") (citation omitted). Accordingly, plaintiffs may proceed with their individual capacity claims, leaving to be resolved at a later date whether qualified or public officer immunity applies. *Stewart v. North Carolina*, 393 F.3d 484, 491 (4th Cir. 2005).

## CONCLUSION

For the foregoing reasons, the partial motions to dismiss are GRANTED IN PART AND DENIED IN PART. [DE 18 in *Zimmer* and DE 16 in *Troyano*]. The following claims in plaintiffs' complaints remain: assault and battery, gross negligence, and § 1983 claims against the Town of Lillington both for the conduct of Kirkland and Letuli and for municipal policy or custom. Plaintiffs' claims against Kirkland and Letuli in their individual capacities may also

proceed. The claims against Kirkland and Letuli in their official capacities are DISMISSED as duplicative of plaintiffs' claims against the Town of Lillington.

The parties are further DIRECTED to confer and present to the Court not later than April 17, 2017, a plan for consolidation and management of all pending cases in this Court arising from this incident.

SO ORDERED, this 2͞8 day of March, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE